UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MATTHEW HODJERA and SYLVIA HODJERA,

    Plaintiffs,

v.

BASF CATALYSTS LLC, *et al.*,

    Defendants.

Case No. C17-48RSL

ORDER GRANTING DEFENDANT WHITTAKER, CLARK & DANIELS, INC.'S MOTION TO DISMISS

This matter comes before the Court on defendant Whittaker, Clark & Daniels, Inc.'s motion to dismiss. Dkt. ## 17, 18, 29.[1] Plaintiffs Matthew and Sylvia Hodjera, a married couple, allege that Mr. Hodjera's mesothelioma was proximately caused by various corporate defendants' manufacture, sale, and/or distribution of asbestos-containing products. Defendant Whittaker, Clark & Daniels, Inc. ("WCD") moves to dismiss, arguing that this Court lacks personal jurisdiction over it. WCD further argues that the complaint fails to include any factual allegations regarding WCD and thus fails to state a claim against it. Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court grants the motion for

---

[1] Defendant Whittaker, Clark & Daniels, Inc. appears to have filed the same motion to dismiss three times: twice on January 18, 2017, Dkt. ## 17, 18, then again the next day, Dkt. # 29. Because the first two filings lack a valid signature as required by Fed. R. Civ. P. 11(a), see Dkt. # 17 at 8; Dkt. # 18 at 8, the Court hereby STRIKES those filings and treats Dkt. # 29 as the operative motion.

ORDER GRANTING WHITTAKER, CLARK & DANIELS, INC.'S MOTION TO DISMISS - 1

the reasons that follow.[2]

## I. BACKGROUND

According to the complaint, Mr. Hodjera was exposed to asbestos or asbestos-containing products in Toronto, Ontario, between 1986 and 1994. Dkt. # 1-1 at 4. On May 20, 2016, Mr. Hodjera was diagnosed with mesothelioma. Id.

On December 2, 2016, plaintiffs filed suit in King County Superior Court, alleging that Mr. Hodjera's mesothelioma had been proximately caused by the manufacture, sale, and/or distribution of asbestos-containing products by the following defendants: BASF Catalysts LLC; BorgWarner Morse Tec Inc.; Central Precision Limited; Charles B. Chrystal Company, Inc.; Dana Companies, LLC; Dana Canada Corp.; DAP Products, Inc.; Felt Products Mfg. Co.; Honeywell International Inc.; Imerys Talc America, Inc.; Johnson & Johnson; Johnson & Johnson Consumer Companies, Inc.; Pneumo Abex LLC; Union Carbide Corporation; Vanderbilt Minerals LLC; Volkswagen Aktiengesellschaft; Volkswagen Group of Canada; Volkswagen Group of America, Inc.; Whittaker, Clark & Daniels, Inc.; and Does 1–350, inclusive. Dkt. # 1-1 at 2–3. On January 11, 2017, defendant Volkswagen Group of America, Inc. removed the case. Dkt. # 1. Various motions to dismiss are now pending before the Court.

## II. DISCUSSION

WCD argues that the complaint fails to allege facts supporting either personal jurisdiction over WCD or a plausible claim for relief against WCD. Because the Court finds that it lacks personal jurisdiction over plaintiffs' claims against WCD, it does not reach the question whether plaintiffs have successfully pled those claims.

WCD is a New Jersey corporation with its principal place of business in Stamford, Connecticut. Dkt. # 19-2, ¶ 3. WCD ceased all active business operations in February 2004 and currently exists to manage assets and liabilities. Id., ¶ 4. WCD has no real property, offices,

---

[2] The Court concludes that this matter is suitable for resolution without oral argument. Accordingly, plaintiffs' request for argument, Dkt. # 51, is denied.

ORDER GRANTING WHITTAKER, CLARK &
DANIELS, INC.'S MOTION TO DISMISS - 2

employees, or registered agents in Washington state. Id., ¶¶ 5–8. The complaint contains no allegations regarding WCD: no mention of WCD's product, no discussion of Mr. Hodjera's contact with that product, no allegation that WCD's products were present in Toronto between 1986 and 1994. Indeed, after listing WCD as a defendant in the caption, the complaint does not mention WCD at all. See generally Dkt. # 1-1.

Due process requires a district court to have personal jurisdiction over a defendant in order to adjudicate a claim against it. Daimler AG v. Bauman, 134 S. Ct. 746, 753 (2014). Plaintiffs have the burden of demonstrating that the Court may exercise personal jurisdiction over WCD. Harris Rutsky & Co. Ins. Services, Inc. v. Bell & Clements Ltd., 328 F.3d 1122, 1128-29 (9th Cir. 2003). Absent an evidentiary hearing, plaintiffs need only make, through the submission of pleadings and affidavits, a prima facie showing of facts supporting personal jurisdiction to avoid dismissal. Myers v. Bennett Law Offices, 238 F.3d 1068, 1071 (9th Cir. 2001). Provided the long-arm statute of the state in which the Court sits permits the Court's exercise of personal jurisdiction,[3] there are two ways to establish that the Court has personal jurisdiction over a particular defendant. Id. at 753-55. This order considers each in turn.

**A.    General Jurisdiction**

A defendant is subject to a court's general personal jurisdiction when its contacts are "so constant and pervasive as to render it essentially at home" in the forum. Daimler AG, 134 S. Ct. at 751 (internal quotation and brackets omitted). General jurisdiction over a party ensures personal jurisdiction over that party for any claim, regardless of that claim's relationship to the forum. Id. at 761. WCD argues that it has no contacts with Washington state, let alone contacts "so constant and pervasive as to render it essentially at home" here. Plaintiffs do not dispute this point. The Court lacks general jurisdiction over WCD.

---

[3] Washington's long-arm statute, RCW 4.28.125, permits the exercise of personal jurisdiction to the extent that due process allows. Shute v. Carnival Cruise Lines, 113 Wn.2d 763, 771 (1989).

ORDER GRANTING WHITTAKER, CLARK &
DANIELS, INC.'S MOTION TO DISMISS - 3

**B.      Specific Jurisdiction**

A defendant may also be sued in a forum where it has minimal contacts, provided those contacts are purposefully directed at the forum, the claim arises out of those contacts, and the exercise of jurisdiction over that party is reasonable. See Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1155 (9th Cir. 2006).

Plaintiffs argue that Mr. Hodjera's illness was caused in part by his use of cosmetic products containing talc that WCD had sold. Dkt. # 51 at 2. To establish personal jurisdiction over WCD, plaintiffs argue that WCD purposefully availed itself of this Washington forum by selling talc to Johnson & Johnson for nationwide distribution in cosmetic products. Dkt. # 51 at 2. Plaintiffs attach a portion of deposition testimony explaining that WCD built a talc plant, called Metropolitan Talc, with the goal of supplying customers with talc produced by that plant. Dkt. # 52-3 at 9. Plaintiffs also attach a 1970 letter from the president of Metropolitan Talc to the president of WCD, informing him that Johnson & Johnson was interested in ordering talc for use in its "Shower to Shower" product. Dkt. # 52-4 at 2.

Even assuming that this attenuated connection is sufficient to show that WCD placed its products in the stream of interstate commerce, see Worldwide Volkswagen v. Woodson, 44 U.S. 286, 297 (1980), plaintiffs fail to satisfy the second prong of the specific jurisdiction test: the requirement that their claim arise out of the defendant's purposeful contacts with the forum state. According to the complaint, Mr. Hodjera's asbestos exposure occurred in Toronto, Ontario. Dkt. # 1-1 at 4. There is no allegation that Mr. Hodjera's exposure would not have occurred but for WCD's contacts with Washington. See Doe v. American Nat. Red Cross, 112 F.3d 1048, 1051 (9th Cir. 1997). Accordingly, Mr. Hodjera's use of talc products *in Toronto* fails to establish specific jurisdiction over WCD *in Washington*, regardless of whether WCD sold the talc used in those products.

Plaintiffs' claims against WCD must be dismissed for lack of personal jurisdiction.

**C.      Leave to Amend**

Plaintiffs alternatively request leave to amend. Dkt. # 51 at 12. "[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000). To the extent plaintiffs can, consistent with their Rule 11 obligations, amend their complaint to include allegations remedying the deficiencies identified in this order, they may file a motion to amend and attach a proposed pleading for the Court's consideration by Friday, June 2, 2017.

For all the foregoing reasons, WCD's motion to dismiss, Dkt. # 29, is GRANTED. WCD's unsigned motions to dismiss, Dkt. ## 17, 18, are STRICKEN. Plaintiffs' claims against WCD are dismissed without prejudice.

DATED this 17th day of May, 2017.

／s／ Robert S. Lasnik
Robert S. Lasnik
United States District Judge

ORDER GRANTING WHITTAKER, CLARK &
DANIELS, INC.'S MOTION TO DISMISS - 5