UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MATTHEW HODJERA and SYLVIA HODJERA,

    Plaintiffs,

v.

BASF CATALYSTS LLC, *et al.*,

    Defendants.

Case No. C17-48RSL

ORDER GRANTING DEFENDANT VOLKSWAGEN GROUP OF AMERICA, INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

This matter comes before the Court on defendant Volkswagen Group of America, Inc.'s motion to dismiss for lack of personal jurisdiction. Dkt. # 54. Plaintiffs Matthew and Sylvia Hodjera, a married couple, allege that Mr. Hodjera's mesothelioma was proximately caused by various corporate defendants' manufacture, sale, and/or distribution of asbestos-containing products. Defendant Volkswagen Group of America, Inc. ("VWGA") moves to dismiss, arguing that this Court lacks personal jurisdiction over it. Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court grants the motion for the reasons that follow.[1]

---

[1] The Court concludes that this matter is suitable for resolution without oral argument. Accordingly, VWGA's request for argument, Dkt. ## 54, 81, and plaintiffs' request for argument, Dkt. # 80, are denied.

ORDER GRANTING DEFENDANT VOLKSWAGEN
GROUP OF AMERICA, INC.'S MOTION TO DISMISS - 1

## I. BACKGROUND

According to the complaint, Mr. Hodjera was exposed to asbestos or asbestos-containing products in Toronto, Ontario, between 1986 and 1994. Dkt. # 1-1 at 4. On May 20, 2016, Mr. Hodjera was diagnosed with mesothelioma. Id.

On December 2, 2016, plaintiffs filed suit in King County Superior Court, alleging that Mr. Hodjera's mesothelioma had been proximately caused by the manufacture, sale, and/or distribution of asbestos-containing products by the following defendants: BASF Catalysts LLC; BorgWarner Morse Tec Inc.; Central Precision Limited; Charles B. Chrystal Company, Inc.; Dana Companies, LLC; Dana Canada Corp.; DAP Products, Inc.; Felt Products Mfg. Co.; Honeywell International Inc.; Imerys Talc America, Inc.; Johnson & Johnson; Johnson & Johnson Consumer Companies, Inc.; Pneumo Abex LLC; Union Carbide Corporation; Vanderbilt Minerals LLC; Volkswagen Aktiengesellschaft; Volkswagen Group of Canada; Volkswagen Group of America, Inc.; Whittaker, Clark & Daniels, Inc.; and Does 1–350, inclusive. Dkt. # 1-1 at 2–3. On January 11, 2017, defendant Volkswagen Group of America, Inc. removed the case. Dkt. # 1. Various motions to dismiss are now pending before the Court.

## II. DISCUSSION

VWGA argues that the complaint fails to allege facts supporting personal jurisdiction over it. VWGA is a New Jersey corporation with its principal place of business in Herndon, Virginia. Dkt. # 56, ¶ 6. Since 1955, VWGA has been the sole authorized importer of Volkswagen vehicles and replacement parts into the United States. Id., ¶ 7. Though VWGA is registered to do business in Washington and has appointed a registered agent here, VWGA does not have facilities, real property, offices, or employees in Washington. Id., ¶¶ 8–9. VWGA's net sales in Washington in 2016 were approximately 2.27% of VWGA's nationwide net sales for that year. Id., ¶ 10. The complaint's only allegations specific to VWGA are that VWGA "sold, distributed, and supplied asbestos and asbestos-containing products, which plaintiff came in contact with and utilized, and asbestos which plaintiff inhaled, causing his injuries and

ORDER GRANTING DEFENDANT VOLKSWAGEN
GROUP OF AMERICA, INC.'S MOTION TO DISMISS - 2

1  illnesses," Dkt. # 1-1 at 10, and that VWGA "knew or should have known of the specific
2  medical and scientific data, literature and test results relating to the manufacture, as well as to
3  the grinding and drilling, of automobile asbestos containing brake linings and/or clutch friction
4  materials, which first began to be known or knowledgeable to defendants in the 1930's," Dkt.
5  # 1-1 at 11–12. The complaint does not allege that VWGA's products were present in Toronto
6  between 1986 and 1994. See generally Dkt. # 1-1.

Due process requires a district court to have personal jurisdiction over a defendant in order to adjudicate a claim against it. Daimler AG v. Bauman, 134 S. Ct. 746, 753 (2014). Plaintiffs have the burden of demonstrating that the Court may exercise personal jurisdiction over VWGA. Harris Rutsky & Co. Ins. Services, Inc. v. Bell & Clements Ltd., 328 F.3d 1122, 1128-29 (9th Cir. 2003). Absent an evidentiary hearing, plaintiffs need only make, through the submission of pleadings and affidavits, a prima facie showing of facts supporting personal jurisdiction to avoid dismissal. Myers v. Bennett Law Offices, 238 F.3d 1068, 1071 (9th Cir. 2001). Provided the long-arm statute of the state in which the Court sits permits the Court's exercise of personal jurisdiction,[2] there are two ways to establish that the Court has personal jurisdiction over a particular defendant. Id. at 753-55. This order considers each in turn.

**A.    General Jurisdiction**

A defendant is subject to a court's general personal jurisdiction when its contacts are "so constant and pervasive as to render it essentially at home" in the forum. Daimler AG, 134 S. Ct. at 751 (internal quotation and brackets omitted). General jurisdiction over a party ensures personal jurisdiction over that party for any claim, regardless of that claim's relationship to the forum. Id. at 761. VWGA argues that its limited contacts in Washington state are not "so constant and pervasive as to render it essentially at home" here. Because VWGA is not incorporated in Washington and does not have its principal place of business in Washington, and

---

[2] Washington's long-arm statute, RCW 4.28.125, permits the exercise of personal jurisdiction to the extent that due process allows. Shute v. Carnival Cruise Lines, 113 Wn.2d 763, 771 (1989).

ORDER GRANTING DEFENDANT VOLKSWAGEN
GROUP OF AMERICA, INC.'S MOTION TO DISMISS - 3

because VWGA's other contacts with Washington are not "so 'continuous and systematic' as to render it essentially at home" here, the Court agrees that it lacks general personal jurisdiction over VWGA. See Daimler AG, 134 S. Ct. at 760–61 (quoting Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011)).

**B.   Specific Jurisdiction**

A defendant may also be sued in a forum where it has minimal contacts, provided those contacts are purposefully directed at the forum, the claim arises out of those contacts, and the exercise of jurisdiction over that party is reasonable. See Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1155 (9th Cir. 2006).

Plaintiffs argue that Mr. Hodjera's illness was caused in part by his work with "asbestos-containing brakes and clutches, on Volkswagen vehicles in Canada." Dkt. # 80 at 2. To establish personal jurisdiction over VWGA, plaintiffs argue that VWGA purposefully availed itself of this Washington forum by selling Volkswagen vehicles in Washington state. Dkt. # 80 at 8. Plaintiffs attach a print-out from Volkswagen's "US Media Site," listing VWGA sales for January 2017. Dkt. # 80-2 at 2–4. For purposes of the specific jurisdiction analysis, VWGA does not contest that it "purposefully availed" itself of the Washington forum. Dkt. # 81 at 2.

Still, plaintiffs fail to satisfy the second prong of the specific jurisdiction test: the requirement that their claim arise out of the defendant's purposeful contacts with the forum state. According to the complaint, Mr. Hodjera's asbestos exposure occurred in Toronto, Ontario. Dkt. # 1-1 at 4. There is no allegation that Mr. Hodjera's exposure would not have occurred but for VWGA's contacts with Washington. See Doe v. American Nat. Red Cross, 112 F.3d 1048, 1051 (9th Cir. 1997). Instead, plaintiffs allege simply that "the products defendant has sold in Washington are the exact same kind of products with which plaintiff worked, causing his exposure to asbestos." Dkt. # 80 at 10. Mr. Hodjera's history of working with "similar" Volkswagen products *in Toronto* fails to establish specific jurisdiction over VWGA *in Washington*.

ORDER GRANTING DEFENDANT VOLKSWAGEN
GROUP OF AMERICA, INC.'S MOTION TO DISMISS - 4

Accordingly, plaintiffs' claims against VWGA must be dismissed for lack of personal jurisdiction.

**C.      Leave to Amend**

Plaintiffs alternatively request leave to amend. Dkt. # 80 at 12 n.4. "[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000). To the extent plaintiffs can, consistent with their Rule 11 obligations, amend their complaint to include allegations remedying the deficiencies identified in this order, they may file a motion to amend and attach a proposed pleading for the Court's consideration by Friday, June 2, 2017.

For all the foregoing reasons, VWGA's motion to dismiss, Dkt. # 54, is GRANTED. Plaintiffs' claims against VWGA are dismissed without prejudice. VWGA's motion for a protective order, Dkt. # 93, and VWGA's motion to quash plaintiff's notice of deposition, Dkt. # 125, are DENIED as moot.

DATED this 17th day of May, 2017.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge