UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MATTHEW HODJERA and SYLVIA HODJERA,<br><br>           Plaintiffs,<br><br>    v.<br><br>BASF CATALYSTS LLC, *et al.*,<br><br>           Defendants. | Case No. C17-48RSL<br><br>ORDER GRANTING DEFENDANT VOLKSWAGEN AKTIENGESELLSCHAFT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION |

This matter comes before the Court on defendant Volkswagen Aktiengesellschaft's motion to dismiss for lack of personal jurisdiction. Dkt. # 63. Plaintiffs Matthew and Sylvia Hodjera, a married couple, allege that Mr. Hodjera's mesothelioma was proximately caused by various corporate defendants' manufacture, sale, and/or distribution of asbestos-containing products. Defendant Volkswagen Aktiengesellschaft ("VWAG") moves to dismiss, arguing that this Court lacks personal jurisdiction over it. Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court grants the motion for the reasons that follow.[1]

---

[1] The Court concludes that this matter is suitable for resolution without oral argument. Accordingly, VWAG's request for argument, Dkt. ## 63, 96, and plaintiffs' request for argument, Dkt. # 87, are denied.

ORDER GRANTING DEFENDANT VOLKSWAGEN
AKTIENGESELLSCHAFT'S MOTION TO DISMISS - 1

## I. BACKGROUND

According to the complaint, Mr. Hodjera was exposed to asbestos or asbestos-containing products in Toronto, Ontario, between 1986 and 1994. Dkt. # 1-1 at 4. On May 20, 2016, Mr. Hodjera was diagnosed with mesothelioma. Id.

On December 2, 2016, plaintiffs filed suit in King County Superior Court, alleging that Mr. Hodjera's mesothelioma had been proximately caused by the manufacture, sale, and/or distribution of asbestos-containing products by the following defendants: BASF Catalysts LLC; BorgWarner Morse Tec Inc.; Central Precision Limited; Charles B. Chrystal Company, Inc.; Dana Companies, LLC; Dana Canada Corp.; DAP Products, Inc.; Felt Products Mfg. Co.; Honeywell International Inc.; Imerys Talc America, Inc.; Johnson & Johnson; Johnson & Johnson Consumer Companies, Inc.; Pneumo Abex LLC; Union Carbide Corporation; Vanderbilt Minerals LLC; Volkswagen Aktiengesellschaft; Volkswagen Group of Canada; Volkswagen Group of America, Inc.; Whittaker, Clark & Daniels, Inc.; and Does 1–350, inclusive. Dkt. # 1-1 at 2–3. On January 11, 2017, defendant Volkswagen Group of America, Inc. removed the case. Dkt. # 1. Various motions to dismiss are now pending before the Court.

## II. DISCUSSION

VWAG argues that the complaint fails to allege facts supporting personal jurisdiction over it. VWAG is a publically quoted stock corporation organized under the laws of Germany. Dkt. # 64, ¶ 3. Its principal place of business is located in Wolfsburg, Germany. Id., ¶ 5. VWAG designs and manufactures Volkswagen motor vehicles. Id., ¶ 4. VWAG does not conduct business in Washington state: it has no offices, plants, distribution or services centers, or any other facilities here. Id., ¶ 6. VWAG does not have any employees or sales representatives in Washington; it does not own or lease any real property in Washington; it has never had any bank accounts in Washington; and it is neither licensed nor registered to do business here. Id., ¶¶ 8–13. As to VWAG, the complaint alleges that VWAG: has been "engaged in the mining, processing, manufacturing, sale, and distribution of asbestos or

asbestos-containing products and machinery requiring or calling for the use of asbestos and asbestos-containing products," Dkt. # 1-1 at 5; and that VWAG "knew or should have known of the specific medical and scientific data, literature and test results relating to the manufacture, as well as to the grinding and drilling, of automobile asbestos containing brake linings and/or clutch friction materials, which first began to be known or knowledgeable to defendants in the 1930's," Dkt. # 1-1 at 11–12. The complaint does not allege that VWAG's products have ever been present in Washington state. See generally Dkt. # 1-1.

Due process requires a district court to have personal jurisdiction over a defendant in order to adjudicate a claim against it. Daimler AG v. Bauman, 134 S. Ct. 746, 753 (2014). Plaintiffs have the burden of demonstrating that the Court may exercise personal jurisdiction over VWAG. Harris Rutsky & Co. Ins. Services, Inc. v. Bell & Clements Ltd., 328 F.3d 1122, 1128-29 (9th Cir. 2003). Absent an evidentiary hearing, plaintiffs need only make, through the submission of pleadings and affidavits, a prima facie showing of facts supporting personal jurisdiction to avoid dismissal. Myers v. Bennett Law Offices, 238 F.3d 1068, 1071 (9th Cir. 2001). Provided the long-arm statute of the state in which the Court sits permits the Court's exercise of personal jurisdiction,[2] there are two ways to establish that the Court has personal jurisdiction over a particular defendant. Id. at 753-55. This order considers each in turn.

**A.    General Jurisdiction**

A defendant is subject to a court's general personal jurisdiction when its contacts are "so constant and pervasive as to render it essentially at home" in the forum. Daimler AG, 134 S. Ct. at 751 (internal quotation and brackets omitted). General jurisdiction over a party ensures personal jurisdiction over that party for any claim, regardless of that claim's relationship to the forum. Id. at 761. Because VWAG is not incorporated in Washington and does not have its principal place of business in Washington, and because VWAG's other contacts with

---

[2] Washington's long-arm statute, RCW 4.28.125, permits the exercise of personal jurisdiction to the extent that due process allows. Shute v. Carnival Cruise Lines, 113 Wn.2d 763, 771 (1989).

ORDER GRANTING DEFENDANT VOLKSWAGEN
AKTIENGESELLSCHAFT'S MOTION TO DISMISS - 3

1  Washington are not "so 'continuous and systematic' as to render it essentially at home" here, the
2  Court agrees that it lacks general personal jurisdiction over VWAG.  See Daimler AG, 134 S. Ct.
3  at 760–61 (quoting Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919
4  (2011)).

**B.     Specific Jurisdiction**

A defendant may also be sued in a forum where it has minimal contacts, provided those contacts are purposefully directed at the forum, the claim arises out of those contacts, and the exercise of jurisdiction over that party is reasonable.  See Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1155 (9th Cir. 2006).

Plaintiffs argue that Mr. Hodjera's illness was caused by "exposure to asbestos and asbestos-containing products that were mined, manufactured, produced, and/or placed into the stream of commerce by the defendants in this case."  Dkt. # 87 at 3.  To establish personal jurisdiction over VWAG, plaintiffs argue that VWAG purposefully availed itself of this Washington forum by selling Volkswagen vehicles in Washington state through Volkswagen Group of America, Inc., a wholly-owned subsidiary.  Dkt. # 87 at 8.  Plaintiffs attach a plea agreement from a criminal case brought by the United States against VWAG in which VWAG admits to implementing business strategies to target the American market.  Dkt. # 88-1 at 58. For purposes of the specific jurisdiction analysis, VWAG does not contest that it "purposefully availed" itself of the Washington forum.  Dkt. # 96 at 2.

Still, plaintiffs fail to satisfy the second prong of the specific jurisdiction test:  the requirement that their claim arise out of the defendant's purposeful contacts with the forum state. According to the complaint, Mr. Hodjera's asbestos exposure occurred in Toronto, Ontario.  Dkt. # 1-1 at 4.  There is no allegation that Mr. Hodjera's exposure would not have occurred but for VWAG's contacts with Washington.  See Doe v. American Nat. Red Cross, 112 F.3d 1048, 1051 (9th Cir. 1997).  Instead, plaintiffs allege simply that "the products defendant has sold in Washington are the exact same kind of products with which plaintiff worked, causing his

exposure to asbestos." Dkt. # 87 at 10.  Mr. Hodjera's history of working with "similar" Volkswagen products *in Toronto* fails to establish specific jurisdiction over VWGA *in Washington*.

Instead, plaintiffs argue that the fairness prong of the specific jurisdiction test should be sufficient in this case: "it would be manifestly unfair to this dying plaintiff and his wife to break this case up into multiple claims and require plaintiffs to start over in many different states, and potentially two foreign countries."  Dkt. # 87 at 12.  While the Court sympathizes with the plaintiffs' circumstances, the Constitution does not permit it to exercise jurisdiction over a particular defendant merely because it would be most fair to the plaintiff.  See Int'l Shoe Co. v. Washington, 326 U.S. 310, 319 (1945) ("[The due process] clause does not contemplate that a state may make binding a judgment in personam against an individual or corporate defendant with which the state has no contacts, ties, or relations.").  All three prongs of the test must be met to establish specific personal jurisdiction in keeping with due process.   Accordingly, plaintiffs' claims against VWGC must be dismissed for lack of personal jurisdiction.

**C.    Leave to Amend**

Plaintiffs alternatively request leave to amend their complaint.  Dkt. # 87 at 12 n.6.  "[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts," Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).  To the extent plaintiffs can, consistent with their Rule 11 obligations, amend their complaint to include allegations remedying the deficiencies identified in this order, they may file a motion to amend and attach a proposed pleading for the Court's consideration by Friday, June 2, 2017.

For all the foregoing reasons, VWAG's motion to dismiss, Dkt. # 63, is GRANTED.  Plaintiffs' claims against VWAG are dismissed without prejudice.  VWAG's motion for a protective order, Dkt. # 103, VWAG's motion to quash plaintiff's notice of deposition, Dkt.

ORDER GRANTING DEFENDANT VOLKSWAGEN
AKTIENGESELLSCHAFT'S MOTION TO DISMISS - 5

# 124, and VWGC's motion for a protective order regarding plaintiffs' second set of requests, Dkt. # 132, are DENIED as moot.

DATED this 17th day of May, 2017.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING DEFENDANT VOLKSWAGEN
AKTIENGESELLSCHAFT'S MOTION TO DISMISS - 6