# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| MATTHEW HODJERA and SYLVIA HODJERA, <br><br> Plaintiffs, <br><br> v. <br><br> BASF CATALYSTS LLC, *et al.*, <br><br> Defendants. | Case No. C17-48RSL <br><br> ORDER GRANTING DEFENDANT DANA COMPANIES, LLC'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION |

This matter comes before the Court on defendant Dana Companies, LLC's motion to dismiss for lack of personal jurisdiction. Dkt. # 72. Plaintiffs Matthew and Sylvia Hodjera, a married couple, allege that Mr. Hodjera's mesothelioma was proximately caused by various corporate defendants' manufacture, sale, and/or distribution of asbestos-containing products. Defendant Dana Companies, LLC ("Dana Cos.") moves to dismiss, arguing that this Court lacks personal jurisdiction over it. Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court grants the motion for the reasons that follow.[1]

---

[1] The Court concludes that this matter is suitable for resolution without oral argument. Accordingly, Dana Cos.'s request for argument, Dkt. ## 72, 92, and plaintiffs' request for argument, Dkt. # 85, are denied.

ORDER GRANTING DEFENDANT DANA
COMPANIES, LLC'S MOTION TO DISMISS - 1

## I. BACKGROUND

According to the complaint, Mr. Hodjera was exposed to asbestos or asbestos-containing products in Toronto, Ontario, between 1986 and 1994. Dkt. # 1-1 at 4. On May 20, 2016, Mr. Hodjera was diagnosed with mesothelioma. Id.

On December 2, 2016, plaintiffs filed suit in King County Superior Court, alleging that Mr. Hodjera's mesothelioma had been proximately caused by the manufacture, sale, and/or distribution of asbestos-containing products by the following defendants: BASF Catalysts LLC; BorgWarner Morse Tec Inc.; Central Precision Limited; Charles B. Chrystal Company, Inc.; Dana Companies, LLC; Dana Canada Corp.; DAP Products, Inc.; Felt Products Mfg. Co.; Honeywell International Inc.; Imerys Talc America, Inc.; Johnson & Johnson; Johnson & Johnson Consumer Companies, Inc.; Pneumo Abex LLC; Union Carbide Corporation; Vanderbilt Minerals LLC; Volkswagen Aktiengesellschaft; Volkswagen Group of Canada; Volkswagen Group of America, Inc.; Whittaker, Clark & Daniels, Inc.; and Does 1–350, inclusive. Dkt. # 1-1 at 2–3. On January 11, 2017, defendant Volkswagen Group of America, Inc. removed the case. Dkt. # 1. Various defendants have moved to dismiss for lack of personal jurisdiction.

## II. DISCUSSION

Dana Cos. argues that the complaint fails to allege facts supporting personal jurisdiction over it. Dana Cos. is a Virginia corporation with its principal place of business in Ohio. Dkt. # 72-3, ¶¶ 2, 5. Since its creation through corporate reorganization in 2007, Dana Cos.'s only significant activity has been to manage assets and liabilities associated with asbestos personal injury claims arising from the activities of the former Dana Corporation. Id., ¶¶ 2–4. Dana Cos. is not registered to do business in Washington; nor has it appointed a registered agent here. Id., ¶ 7. Dana Cos. does not have facilities, real property, offices, or employees in Washington. Id., ¶¶ 6–7. The complaint's only allegations specific to Dana Cos. are that it has "been engaged in the mining, processing, manufacture, sale, and distribution of asbestos or asbestos-containing

products and machinery requiring or calling for the use of asbestos and asbestos-containing products," Dkt. # 1-1 at 5, and that it "knew or should have known of the specific medical and scientific data, literature and test results relating to the manufacture, as well as to the grinding and drilling, of automobile asbestos containing brake linings and/or clutch friction materials, which first began to be known or knowledgeable to defendants in the 1930's," Dkt. # 1-1 at 11–12. The complaint does not allege that Dana Cos.'s products were present in Toronto between 1986 and 1994. See generally Dkt. # 1-1.

Due process requires a district court to have personal jurisdiction over a defendant in order to adjudicate a claim against it. Daimler AG v. Bauman, 134 S. Ct. 746, 753 (2014). Plaintiffs have the burden of demonstrating that the Court may exercise personal jurisdiction over Dana Cos. Harris Rutsky & Co. Ins. Services, Inc. v. Bell & Clements Ltd., 328 F.3d 1122, 1128-29 (9th Cir. 2003). Absent an evidentiary hearing, plaintiffs need only make, through the submission of pleadings and affidavits, a prima facie showing of facts supporting personal jurisdiction to avoid dismissal. Myers v. Bennett Law Offices, 238 F.3d 1068, 1071 (9th Cir. 2001). Provided the long-arm statute of the state in which the Court sits permits the Court's exercise of personal jurisdiction,[2] there are two ways to establish that the Court has personal jurisdiction over a particular defendant. Id. at 753-55. This order considers each in turn.

**A.      General Jurisdiction**

A defendant is subject to a court's general personal jurisdiction when its contacts are "so constant and pervasive as to render it essentially at home" in the forum. Daimler AG, 134 S. Ct. at 751 (internal quotation and brackets omitted). General jurisdiction over a party ensures personal jurisdiction over that party for any claim, regardless of that claim's relationship to the forum. Id. at 761. Because Dana Cos. is not incorporated in Washington and does not have its principal place of business in Washington, the Court agrees that it lacks general personal

---

[2] Washington's long-arm statute, RCW 4.28.125, permits the exercise of personal jurisdiction to the extent that due process allows. Shute v. Carnival Cruise Lines, 113 Wn.2d 763, 771 (1989).

jurisdiction over Dana Cos. See Daimler AG, 134 S. Ct. at 760–61 (quoting Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011)).

**B.      Specific Jurisdiction**

A defendant may also be sued in a forum where it has minimal contacts, provided those contacts are purposefully directed at the forum, the claim arises out of those contacts, and the exercise of jurisdiction over that party is reasonable. See Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1155 (9th Cir. 2006).

Plaintiffs argue that Mr. Hodjera's illness was caused in part by his exposure to "asbestos and asbestos-containing products that were mined, manufactured, produced, and/or placed into the stream of commerce by the defendants in this case." Dkt. # 85 at 3. To establish personal jurisdiction over Dana Cos., plaintiffs allege that Dana Corporation, Dana Cos.'s predecessor-in-interest, purposefully availed itself of this Washington forum by designing and manufacturing automotive sealing products for "every major vehicle producer in the world," and by operating a manufacturing plant in Washington state. Dkt. # 85 at 8–9. Plaintiffs attach a print-out from Dana Cos.'s website, which claims that "nearly all the familiar brands and models of automobile manufacturers worldwide are equipped with" sealing products manufactured by a subsidiary of Dana Corporation. Dkt. # 86-1 at 426.

Still, plaintiffs fail to satisfy the second prong of the specific jurisdiction test: the requirement that their claim arise out of the defendant's purposeful contacts with the forum state. According to the complaint, Mr. Hodjera's asbestos exposure occurred in Toronto, Ontario. Dkt. # 1-1 at 4. There is no allegation that Mr. Hodjera's exposure would not have occurred "but for" Dana Cos.'s contacts with Washington. See Menken v. Emm, 503 F.3d 1050, 1058 (9th Cir. 2007). Instead, plaintiffs allege simply that "the products defendant has sold in Washington include the same kind of products with which plaintiff worked, causing his exposure to asbestos." Dkt. # 85 at 10. Mr. Hodjera's history of working with "similar" products *in Toronto* fails to establish specific jurisdiction over Dana Cos. *in Washington*.

Accordingly, plaintiffs' claims against Dana Cos. must be dismissed for lack of personal jurisdiction.

**C.  Leave to Amend**

Plaintiffs alternatively request leave to amend. Dkt. # 80 at 12 n.4. "[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000). To the extent plaintiffs can, consistent with their Rule 11 obligations, amend their complaint to include allegations remedying the deficiencies identified in this order, they may file a motion to amend and attach a proposed pleading for the Court's consideration by Friday, June 2, 2017.

For all the foregoing reasons, Dana Cos.'s motion to dismiss, Dkt. # 72, is GRANTED. Plaintiffs' claims against Dana Cos. are dismissed without prejudice.

DATED this 23rd day of May, 2017.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING DEFENDANT DANA
COMPANIES, LLC'S MOTION TO DISMISS - 5