UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MATTHEW HODJERA and SYLVIA HODJERA,

    Plaintiffs,

v.

BASF CATALYSTS LLC, *et al*.,

    Defendants.

Case No. C17-48RSL

ORDER GRANTING DEFENDANT DANA CANADA CORPORATION'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

This matter comes before the Court on defendant Dana Canada Corporation's motion to dismiss for lack of personal jurisdiction. Dkt. # 98. Plaintiffs Matthew and Sylvia Hodjera, a married couple, allege that Mr. Hodjera's mesothelioma was proximately caused by various corporate defendants' manufacture, sale, and/or distribution of asbestos-containing products. Defendant Dana Canada Corporation ("Dana Canada") moves to dismiss, arguing that this Court lacks personal jurisdiction over it. Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court grants the motion for the reasons that follow.[1]

---

[1] The Court concludes that this matter is suitable for resolution without oral argument. Accordingly, Dana Canada's request for argument, Dkt. ## 98, 116, and plaintiffs' request for argument, Dkt. # 113, are denied.

ORDER GRANTING DEFENDANT DANA CANADA
CORPORATION'S MOTION TO DISMISS - 1

## I. BACKGROUND

According to the complaint, Mr. Hodjera was exposed to asbestos or asbestos-containing products in Toronto, Ontario, between 1986 and 1994. Dkt. # 1-1 at 4. On May 20, 2016, Mr. Hodjera was diagnosed with mesothelioma. Id.

On December 2, 2016, plaintiffs filed suit in King County Superior Court, alleging that Mr. Hodjera's mesothelioma had been proximately caused by the manufacture, sale, and/or distribution of asbestos-containing products by the following defendants: BASF Catalysts LLC; BorgWarner Morse Tec Inc.; Central Precision Limited; Charles B. Chrystal Company, Inc.; Dana Companies, LLC; Dana Canada Corp.; DAP Products, Inc.; Felt Products Mfg. Co.; Honeywell International Inc.; Imerys Talc America, Inc.; Johnson & Johnson; Johnson & Johnson Consumer Companies, Inc.; Pneumo Abex LLC; Union Carbide Corporation; Vanderbilt Minerals LLC; Volkswagen Aktiengesellschaft; Volkswagen Group of Canada; Volkswagen Group of America, Inc.; Whittaker, Clark & Daniels, Inc.; and Does 1–350, inclusive. Dkt. # 1-1 at 2–3. On January 11, 2017, defendant Volkswagen Group of America, Inc. removed the case. Dkt. # 1. Various defendants have moved to dismiss for lack of personal jurisdiction.

## II. DISCUSSION

Dana Canada argues that the complaint fails to allege facts supporting personal jurisdiction over it. Dana Canada is a Canadian corporation with its principal place of business in Ontario. Dkt. # 99, ¶¶ 2, 3. Dana Canada is not registered to do business in Washington; nor does it have facilities, real property, or employees in Washington. Id., ¶ 4. The complaint's only allegations specific to Dana Canada are that it has "been engaged in the mining, processing, manufacture, sale, and distribution of asbestos or asbestos-containing products and machinery requiring or calling for the use of asbestos and asbestos-containing products," Dkt. # 1-1 at 5, and that it "knew or should have known of the specific medical and scientific data, literature and test results relating to the manufacture, as well as to the grinding and drilling, of automobile

1 asbestos containing brake linings and/or clutch friction materials, which first began to be known
2 or knowledgeable to defendants in the 1930's," Dkt. # 1-1 at 11–12.  The complaint does not
3 allege that Dana Canada's products were present in Toronto between 1986 and 1994.  <u>See</u>
4 <u>generally</u> Dkt. # 1-1.

Due process requires a district court to have personal jurisdiction over a defendant in order to adjudicate a claim against it.  <u>Daimler AG v. Bauman</u>, 134 S. Ct. 746, 753 (2014). Plaintiffs have the burden of demonstrating that the Court may exercise personal jurisdiction over Dana Canada.  <u>Harris Rutsky & Co. Ins. Services, Inc. v. Bell & Clements Ltd.</u>, 328 F.3d 1122, 1128-29 (9th Cir. 2003).  Absent an evidentiary hearing, plaintiffs need only make, through the submission of pleadings and affidavits, a prima facie showing of facts supporting personal jurisdiction to avoid dismissal.  <u>Myers v. Bennett Law Offices</u>, 238 F.3d 1068, 1071 (9th Cir. 2001).  Provided the long-arm statute of the state in which the Court sits permits the Court's exercise of personal jurisdiction,[2] there are two ways to establish that the Court has personal jurisdiction over a particular defendant.  <u>Id.</u> at 753-55.  This order considers each in turn.

**A.    General Jurisdiction**

A defendant is subject to a court's general personal jurisdiction when its contacts are "so constant and pervasive as to render it essentially at home" in the forum.  <u>Daimler AG</u>, 134 S. Ct. at 751 (internal quotation and brackets omitted).  General jurisdiction over a party ensures personal jurisdiction over that party for any claim, regardless of that claim's relationship to the forum.  <u>Id.</u> at 761.  Because Dana Canada is not incorporated in Washington and does not have its principal place of business in Washington, the Court agrees that it lacks general personal jurisdiction over Dana Canada.  <u>See</u> <u>Daimler AG</u>, 134 S. Ct. at 760–61 (quoting <u>Goodyear Dunlop Tires Operations, S.A. v. Brown</u>, 564 U.S. 915, 919 (2011)).

---

[2] Washington's long-arm statute, RCW 4.28.125, permits the exercise of personal jurisdiction to the extent that due process allows.  <u>Shute v. Carnival Cruise Lines</u>, 113 Wn.2d 763, 771 (1989).

ORDER GRANTING DEFENDANT DANA CANADA
CORPORATION'S MOTION TO DISMISS - 3

**B.    Specific Jurisdiction**

A defendant may also be sued in a forum where it has minimal contacts, provided those contacts are purposefully directed at the forum, the claim arises out of those contacts, and the exercise of jurisdiction over that party is reasonable.  See Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1155 (9th Cir. 2006).

Plaintiffs fail to satisfy the second prong of the specific jurisdiction, which requires that their claim arise out of the defendant's purposeful contacts with the forum state.  Though plaintiffs allege that Mr. Hodjera's asbestos exposure occurred in Toronto, Ontario, where Dana Canada presumably conducted business, Dkt. # 1-1 at 4, plaintiffs have not alleged that Mr. Hodjera's exposure in Ontario would not have occurred "but for" Dana Canada's contacts with *Washington*, as is required for this Court to exercise personal jurisdiction over Dana Canada.  See Menken v. Emm, 503 F.3d 1050, 1058 (9th Cir. 2007).

Moreover, plaintiffs have failed to argue that Dana Canada purposefully availed itself of this Washington forum by selling products in Washington state or otherwise.  See generally Dkt. # 113.  Instead, plaintiffs argue that the fairness prong of the specific jurisdiction test should be sufficient in this case:  "it would be manifestly unfair to this dying plaintiff and his wife to break this case up into multiple claims and require plaintiffs to start over in many different states."  Dkt. # 113 at 11.  While the Court sympathizes with the plaintiffs' circumstances, the Constitution does not permit it to exercise jurisdiction over a particular defendant merely because it would be most fair to the plaintiff.  See Int'l Shoe Co. v. Washington, 326 U.S. 310, 319 (1945) ("[The due process] clause does not contemplate that a state may make binding a judgment in personam against an individual or corporate defendant with which the state has no contacts, ties, or relations.").  All three prongs of the test must be met to establish specific personal jurisdiction in keeping with due process.

Accordingly, plaintiffs' claims against Dana Canada must be dismissed for lack of personal jurisdiction.

## C. Leave to Amend

Plaintiffs alternatively request leave to amend. Dkt. # 80 at 12 n.4. "[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000). To the extent plaintiffs can, consistent with their Rule 11 obligations, amend their complaint to include allegations remedying the deficiencies identified in this order, they may file a motion to amend and attach a proposed pleading for the Court's consideration by Friday, June 2, 2017.

For all the foregoing reasons, Dana Canada's motion to dismiss, Dkt. # 98, is GRANTED. Plaintiffs' claims against Dana Canada are dismissed without prejudice.

DATED this 23rd day of May, 2017.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING DEFENDANT DANA CANADA
CORPORATION'S MOTION TO DISMISS - 5