UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MATTHEW HODJERA and SYLVIA HODJERA,

  Plaintiffs,

  v.

BASF CATALYSTS LLC, *et al.*,

  Defendants.

Case No. C17-48RSL

ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT

This matter comes before the Court on plaintiffs' motion for leave to amend their complaint. Dkt. # 164. The Court previously dismissed without prejudice the plaintiffs' claims against defendants Whittaker, Clark & Daniels, Inc., Volkswagen Group of America, Inc., Volkswagen Aktiengesellschaft, Volkswagen Group of Canada, Dana Companies, LLC, Dana Canada Corp., Imerys Talc America Inc., and Honeywell International Inc., but indicated that if plaintiffs were able to remedy the deficiencies identified, they were free to move to amend their complaint by Friday, June 2, 2017. Dkt. ## 153, 155, 156, 157, 162, 163. This motion follows. Having reviewed the memoranda of the parties and the remainder of the record, the Court denies plaintiffs' motion for the reasons that follow.[1]

---

[1] The Court concludes that this matter is suitable for resolution without oral argument. Accordingly, defendants' requests for argument, Dkt. ## 170, 171, 172, are denied.

ORDER DENYING PLAINTIFFS' MOTION
FOR LEAVE TO AMEND COMPLAINT - 1

According to the original complaint, Mr. Hodjera was exposed to asbestos or asbestos-containing products in Toronto, Ontario, between 1986 and 1994. Dkt. # 1-1 at 4. On May 20, 2016, Mr. Hodjera was diagnosed with mesothelioma. Id. On December 2, 2016, plaintiffs filed suit in King County Superior Court, alleging that Mr. Hodjera's mesothelioma had been proximately caused by the manufacture, sale, and/or distribution of asbestos-containing products by the following defendants: BASF Catalysts LLC; BorgWarner Morse Tec Inc.; Central Precision Limited; Charles B. Chrystal Company, Inc.; Dana Companies, LLC; Dana Canada Corp.; DAP Products, Inc.; Felt Products Mfg. Co.; Honeywell International Inc.; Imerys Talc America, Inc.; Johnson & Johnson; Johnson & Johnson Consumer Companies, Inc.; Pneumo Abex LLC; Union Carbide Corporation; Vanderbilt Minerals LLC; Volkswagen Aktiengesellschaft; Volkswagen Group of Canada; Volkswagen Group of America, Inc.; Whittaker, Clark & Daniels, Inc.; and Does 1–350, inclusive. Dkt. # 1-1 at 2–3. On January 11, 2017, defendant Volkswagen Group of America, Inc. removed the case. Dkt. # 1. As noted above, the Court granted various motions to dismiss on the grounds that plaintiffs' original complaint lacked sufficient factual allegations to establish specific jurisdiction in Washington. Dkt. ## 153, 155, 156, 157, 162, 163.

Courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). There is a "strong policy in favor of allowing amendment" after "considering four factors: bad faith, undue delay, prejudice to the opposing party, and the futility of amendment." Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994). The underlying purpose of Rule 15 is "to facilitate decision on the merits, rather than on the pleadings or technicalities." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000). However, if the proposed amendment would be futile (*i.e.*, it would be immediately subject to dismissal if challenged under Rule 12(b)(6)), there is no reason to put defendants through the unnecessary expense and delay of responding to the amendment. Nordyke v. King, 644 F.3d 776, 787 n.12 (9th Cir. 2011).

Plaintiffs' proposed amended complaint substantially elaborates on the claims raised in

ORDER DENYING PLAINTIFFS' MOTION
FOR LEAVE TO AMEND COMPLAINT - 2

their original complaint.  See Dkt. # 164-1.  The proposed amended complaint now contains detailed factual allegations about Mr. Hodjera's work in an automotive repair department in Ontario, Canada during the summer of 1986, including allegations that Mr. Hodjera worked with vehicles and parts containing asbestos that were manufactured and/or distributed by various defendants.  Dkt. # 164-1 at 7–11.

Plaintiffs' proposed amended complaint does not, however, remedy the jurisdictional deficiencies identified in the Court's earlier orders.  As in their original complaint, plaintiffs argue that specific jurisdiction in *Washington* exists over various corporate defendants whose products exposed Mr. Hodjera to asbestos in *Canada*.  Accordingly, plaintiffs still fail to satisfy the second prong of the specific jurisdiction test:  the requirement that their claims arise out of the defendant's purposeful contacts with the forum state.  There is no allegation that Mr. Hodjera's asbestos exposure would not have occurred but for the defendants' contacts with Washington.  See Doe v. American Nat. Red Cross, 112 F.3d 1048, 1051 (9th Cir. 1997).

Because plaintiffs' proposed amended complaint fails to remedy the previously identified jurisdictional deficiencies in their original complaint, amendment of plaintiffs' complaint to reinitiate suit against the dismissed defendants – Whittaker, Clark & Daniels, Inc.; Volkswagen Group of America, Inc.; Volkswagen Aktiengesellschaft; Volkswagen Group of Canada; Dana Companies, LLC; Dana Canada Corp.; Imerys Talc America Inc.; and Honeywell International Inc. – would be futile.  See Nordyke, 644 F.3d at 787 n.12.  The claims against those defendants, which were previously dismissed without prejudice, are hereby dismissed with prejudice.

For the foregoing reasons, plaintiffs' motion for leave to amend their complaint (Dkt. # 164) is DENIED.

Dated this 31st day of July, 2017.

*MNT S Lasnik*<br>
Robert S. Lasnik<br>
United States District Judge

ORDER DENYING PLAINTIFFS' MOTION
FOR LEAVE TO AMEND COMPLAINT - 3