UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MATTHEW HODJERA and SYLVIA HODJERA,

           Plaintiffs,

    v.

BASF CATALYSTS LLC, *et al.*,

           Defendants.

Case No. C17-48RSL

ORDER GRANTING DEFENDANT HONEYWELL INTERNATIONAL INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS FOR LACK OF PERSONAL JURISDICTION

      This matter comes before the Court on defendant Honeywell International Inc.'s motion for judgment on the pleadings for lack of personal jurisdiction. Dkt. # 152. Plaintiffs Matthew and Sylvia Hodjera, a married couple, allege that Mr. Hodjera's mesothelioma was proximately caused by various corporate defendants' manufacture, sale, and/or distribution of asbestos-containing products. Defendant Honeywell International Inc. ("Honeywell") moves for judgment on the pleadings under Fed. R. Civ. P. 12(c), arguing that this Court lacks personal jurisdiction over it. Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court grants the motion for the reasons that follow.[1]

---

[1] The Court concludes that this matter is suitable for resolution without oral argument. Accordingly, Honeywell's request for argument, Dkt. # 152, and plaintiffs' request for argument, Dkt. # 173, are denied.

ORDER GRANTING DEFENDANT HONEYWELL
INTERNATIONAL INC.'S MOTION FOR JUDGMENT
ON THE PLEADINGS FOR LACK OF PERSONAL JURISDICTION - 1

# I. BACKGROUND

According to the complaint, Mr. Hodjera was exposed to asbestos or asbestos-containing products in Toronto, Ontario, between 1986 and 1994. Dkt. # 1-1 at 4. On May 20, 2016, Mr. Hodjera was diagnosed with mesothelioma. Id.

On December 2, 2016, plaintiffs filed suit in King County Superior Court, alleging that Mr. Hodjera's mesothelioma had been proximately caused by the manufacture, sale, and/or distribution of asbestos-containing products by the following defendants: BASF Catalysts LLC; BorgWarner Morse Tec Inc.; Central Precision Limited; Charles B. Chrystal Company, Inc.; Dana Companies, LLC; Dana Canada Corp.; DAP Products, Inc.; Felt Products Mfg. Co.; Honeywell International Inc.; Imerys Talc America, Inc.; Johnson & Johnson; Johnson & Johnson Consumer Companies, Inc.; Pneumo Abex LLC; Union Carbide Corporation; Vanderbilt Minerals LLC; Volkswagen Aktiengesellschaft; Volkswagen Group of Canada; Volkswagen Group of America, Inc.; Whittaker, Clark & Daniels, Inc.; and Does 1–350, inclusive. Dkt. # 1-1 at 2–3. On January 11, 2017, defendant Volkswagen Group of America, Inc. removed the case. Dkt. # 1. Various defendants have moved to dismiss for lack of personal jurisdiction.

# II. DISCUSSION

Like a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a motion for judgment on the pleadings tests the legal sufficiency of the claims asserted in the complaint; the same standard applies to both types of motions. See Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc., 637 F.3d 1047, 1054 & n.4 (9th Cir. 2011).

Here, Honeywell argues that plaintiffs' complaint fails to allege facts supporting personal jurisdiction over it. Honeywell is a Delaware corporation with its principal place of business in New Jersey. Dkt. # 152 at 2 n.1. The complaint's only allegations specific to Honeywell are that it "knew or should have known of the specific medical and scientific data, literature and test

1 results relating to the manufacture, as well as to the grinding and drilling, of automobile asbestos
2 containing brake linings and/or clutch friction materials," Dkt. # 1-1 at 11–12.  The complaint
3 does not allege that Honeywell's products were present in Toronto between 1986 and 1994.  See
4 generally Dkt. # 1-1.

Due process requires a district court to have personal jurisdiction over a defendant in
order to adjudicate a claim against it.  Daimler AG v. Bauman, 134 S. Ct. 746, 753 (2014).
Plaintiffs have the burden of demonstrating that the Court may exercise personal jurisdiction
over Honeywell.  Harris Rutsky & Co. Ins. Services, Inc. v. Bell & Clements Ltd., 328 F.3d
1122, 1128-29 (9th Cir. 2003).  Absent an evidentiary hearing, plaintiffs need only make,
through the submission of pleadings and affidavits, a prima facie showing of facts supporting
personal jurisdiction to avoid dismissal.  Myers v. Bennett Law Offices, 238 F.3d 1068, 1071
(9th Cir. 2001).  Provided the long-arm statute of the state in which the Court sits permits the
Court's exercise of personal jurisdiction,[2] there are two ways to establish that the Court has
personal jurisdiction over a particular defendant.  Id. at 753-55.  This order considers each in
turn.

**A.     General Jurisdiction**

A defendant is subject to a court's general personal jurisdiction when its contacts are "so
constant and pervasive as to render it essentially at home" in the forum.  Daimler AG, 134 S. Ct.
at 751 (internal quotation and brackets omitted).  General jurisdiction over a party ensures
personal jurisdiction over that party for any claim, regardless of that claim's relationship to the
forum.  Id. at 761.  Because Honeywell is not incorporated in Washington and does not have its
principal place of business in Washington, the Court agrees that it lacks general personal
jurisdiction over Honeywell.  See Daimler AG, 134 S. Ct. at 760–61 (quoting Goodyear Dunlop

---

[2] Washington's long-arm statute, RCW 4.28.125, permits the exercise of personal jurisdiction to
the extent that due process allows.  Shute v. Carnival Cruise Lines, 113 Wn.2d 763, 771 (1989).

ORDER GRANTING DEFENDANT HONEYWELL
INTERNATIONAL INC.'S MOTION FOR JUDGMENT
ON THE PLEADINGS FOR LACK OF PERSONAL JURISDICTION - 3

1  Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011)).

2  **B.     Specific Jurisdiction**

A defendant may also be sued in a forum where it has minimal contacts, provided those contacts are purposefully directed at the forum, the claim arises out of those contacts, and the exercise of jurisdiction over that party is reasonable. See Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1155 (9th Cir. 2006).

Plaintiffs argue that Mr. Hodjera's illness was caused by his exposure to "asbestos and asbestos-containing products that were mined, manufactured, produced, and/or placed into the stream of commerce by the defendants in this case." Dkt. # 165 at 3. To establish personal jurisdiction over Honeywell, plaintiffs allege that Bendix Corporation, Honeywell's predecessor-in-interest, purposefully availed itself of this Washington forum by manufacturing friction materials for use in brakes, that these materials contained asbestos, and that Mr. Hodjera worked with these friction materials. Dkt. # 173 at 8–9. Plaintiffs further allege that Honeywell is licensed to do business in Washington state, and that it has offices throughout the state. Dkt. # 173 at 8. Plaintiffs attach depositions, advertisements, and a print-out from the Washington Secretary of State's website supporting these allegations. Dkt. # 174-1.

Still, plaintiffs fail to satisfy the second prong of the specific jurisdiction test: the requirement that their claim arise out of the defendant's purposeful contacts with the forum state. According to the complaint, Mr. Hodjera's asbestos exposure occurred in Toronto, Ontario. Dkt. # 1-1 at 4. There is no allegation that Mr. Hodjera's exposure would not have occurred "but for" Honeywell's contacts with Washington. See Menken v. Emm, 503 F.3d 1050, 1058 (9th Cir. 2007). Instead, plaintiffs allege simply that "the products defendant has sold in Washington include the same kind of products with which plaintiff worked, causing his exposure to asbestos." Dkt. # 173 at 10. Mr. Hodjera's history of working with "similar" products *in Toronto* fails to establish specific jurisdiction over Honeywell *in Washington*.

ORDER GRANTING DEFENDANT HONEYWELL
INTERNATIONAL INC.'S MOTION FOR JUDGMENT
ON THE PLEADINGS FOR LACK OF PERSONAL JURISDICTION - 4

Accordingly, Honeywell is entitled to judgment on the pleadings for lack of personal jurisdiction.

**C.     Leave to Amend**

Plaintiffs alternatively request leave to amend. Dkt. # 173 at 13. "[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000). On June 2, 2017, plaintiffs moved for leave to file an amended complaint. Dkt. # 164. The Court denied that motion on July 31, 2017, finding that plaintiffs' proposed amended complaint failed to cure the jurisdictional deficiencies in the original complaint. Because it appears that plaintiffs' pleading as to Honeywell could not be cured by the allegation of other facts, the Court declines plaintiffs' request for another opportunity to amend their complaint.

For all the foregoing reasons, Honeywell's motion for judgment on the pleadings, Dkt. # 152, is GRANTED. Plaintiffs' claims against Honeywell are dismissed with prejudice.

DATED this 31st day of July, 2017.

*[signature]*
Robert S. Lasnik
United States District Judge