UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MATTHEW HODJERA and SYLVIA HODJERA,<br><br>               Plaintiffs,<br><br>    v.<br><br>BASF CATALYSTS LLC, *et al.*,<br><br>               Defendants. | Case No. C17-48RSL<br><br>ORDER GRANTING DEFENDANT IMERYS TALC AMERICA INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION |

This matter comes before the Court on defendant Imerys Talc America Inc.'s motion to dismiss for lack of personal jurisdiction. Dkt. # 159. Plaintiffs Matthew and Sylvia Hodjera, a married couple, allege that Mr. Hodjera's mesothelioma was proximately caused by various corporate defendants' manufacture, sale, and/or distribution of asbestos-containing products. Defendant Imerys Talc America Inc. ("Imerys Talc") moves to dismiss, arguing that this Court lacks personal jurisdiction over it. Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court grants the motion for the reasons that follow.[1]

---

[1] The Court concludes that this matter is suitable for resolution without oral argument. Accordingly, Imerys Talc's request for argument, Dkt. # 159, and plaintiffs' request for argument, Dkt. # 165, are denied.

ORDER GRANTING DEFENDANT IMERYS
TALC AMERICA INC.'S MOTION TO DISMISS - 1

## I. BACKGROUND

According to the complaint, Mr. Hodjera was exposed to asbestos or asbestos-containing products in Toronto, Ontario, between 1986 and 1994. Dkt. # 1-1 at 4. On May 20, 2016, Mr. Hodjera was diagnosed with mesothelioma. Id.

On December 2, 2016, plaintiffs filed suit in King County Superior Court, alleging that Mr. Hodjera's mesothelioma had been proximately caused by the manufacture, sale, and/or distribution of asbestos-containing products by the following defendants: BASF Catalysts LLC; BorgWarner Morse Tec Inc.; Central Precision Limited; Charles B. Chrystal Company, Inc.; Dana Companies, LLC; Dana Canada Corp.; DAP Products, Inc.; Felt Products Mfg. Co.; Honeywell International Inc.; Imerys Talc America, Inc.; Johnson & Johnson; Johnson & Johnson Consumer Companies, Inc.; Pneumo Abex LLC; Union Carbide Corporation; Vanderbilt Minerals LLC; Volkswagen Aktiengesellschaft; Volkswagen Group of Canada; Volkswagen Group of America, Inc.; Whittaker, Clark & Daniels, Inc.; and Does 1–350, inclusive. Dkt. # 1-1 at 2–3. On January 11, 2017, defendant Volkswagen Group of America, Inc. removed the case. Dkt. # 1. Various defendants have moved to dismiss for lack of personal jurisdiction.

## II. DISCUSSION

Imerys Talc argues that the complaint fails to allege facts supporting personal jurisdiction over it. Imerys Talc is a Delaware corporation with its principal place of business in California. Dkt. # 160, ¶ 5. Imerys Talc does not mine talc or any other minerals in Washington. Id., ¶ 10. It does not have facilities, real property, offices, or employees in Washington. Id., ¶¶ 6–9. The complaint's only allegations specific to Imerys Talc are that it "sold, distributed, and supplied asbestos and asbestos-containing products, which plaintiff came in contact with and utilized, and asbestos which plaintiff inhaled, causing his injuries and illnesses," Dkt. # 1-1 at 9–10, that it "fail[ed] to warn of the health hazards of exposure to asbestos," Dkt. # 1-1 at 10, 11, and that it "made misrepresentations regarding the safety of asbestos to the asbestos-product

manufacturers," Dkt. # 1-1 at 10. The complaint does not allege that Imerys Talc's products were present in Toronto between 1986 and 1994. See generally Dkt. # 1-1.

Due process requires a district court to have personal jurisdiction over a defendant in order to adjudicate a claim against it. Daimler AG v. Bauman, 134 S. Ct. 746, 753 (2014). Plaintiffs have the burden of demonstrating that the Court may exercise personal jurisdiction over Imerys Talc. Harris Rutsky & Co. Ins. Services, Inc. v. Bell & Clements Ltd., 328 F.3d 1122, 1128-29 (9th Cir. 2003). Absent an evidentiary hearing, plaintiffs need only make, through the submission of pleadings and affidavits, a prima facie showing of facts supporting personal jurisdiction to avoid dismissal. Myers v. Bennett Law Offices, 238 F.3d 1068, 1071 (9th Cir. 2001). Provided the long-arm statute of the state in which the Court sits permits the Court's exercise of personal jurisdiction,[2] there are two ways to establish that the Court has personal jurisdiction over a particular defendant. Id. at 753-55. This order considers each in turn.

### A. General Jurisdiction

A defendant is subject to a court's general personal jurisdiction when its contacts are "so constant and pervasive as to render it essentially at home" in the forum. Daimler AG, 134 S. Ct. at 751 (internal quotation and brackets omitted). General jurisdiction over a party ensures personal jurisdiction over that party for any claim, regardless of that claim's relationship to the forum. Id. at 761. Because Imerys Talc is not incorporated in Washington and does not have its principal place of business in Washington, the Court agrees that it lacks general personal jurisdiction over Imerys Talc. See Daimler AG, 134 S. Ct. at 760–61 (quoting Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011)).

### B. Specific Jurisdiction

A defendant may also be sued in a forum where it has minimal contacts, provided those

---

[2] Washington's long-arm statute, RCW 4.28.125, permits the exercise of personal jurisdiction to the extent that due process allows. Shute v. Carnival Cruise Lines, 113 Wn.2d 763, 771 (1989).

ORDER GRANTING DEFENDANT IMERYS
TALC AMERICA INC.'S MOTION TO DISMISS - 3

contacts are purposefully directed at the forum, the claim arises out of those contacts, and the exercise of jurisdiction over that party is reasonable.  See Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1155 (9th Cir. 2006).

Plaintiffs argue that Mr. Hodjera's illness was caused by his exposure to "asbestos and asbestos-containing products that were mined, manufactured, produced, and/or placed into the stream of commerce by the defendants in this case."  Dkt. # 165 at 3.  To establish personal jurisdiction over Imerys Talc, plaintiffs allege that Charles Mathieu, Inc., Imerys Talc's predecessor-in-interest, purposefully availed itself of this Washington forum by mining and processing talc, which was distributed by former defendant Whittaker, Clark & Daniels to defendant Johnson & Johnson for use in its "Shower-to-Shower" cosmetic talc product, which in turn was "intended for widespread distribution throughout North America."  Dkt. # 165 at 8.  Plaintiffs further allege that Imerys Talc is licensed to do business in Washington state.  Dkt. # 165 at 8.  Plaintiffs attach depositions and a print-out from the Washington Secretary of State's website supporting these allegations.  Dkt. # 166-1.

Still, plaintiffs fail to satisfy the second prong of the specific jurisdiction test:  the requirement that their claim arise out of the defendant's purposeful contacts with the forum state. According to the complaint, Mr. Hodjera's asbestos exposure occurred in Toronto, Ontario.  Dkt. # 1-1 at 4.  There is no allegation that Mr. Hodjera's exposure would not have occurred "but for" Imerys Talc's contacts with Washington.  See Menken v. Emm, 503 F.3d 1050, 1058 (9th Cir. 2007).  Instead, plaintiffs allege simply that "the products defendant has sold in Washington include the same kind of products with which plaintiff worked, causing his exposure to asbestos."  Dkt. # 165 at 10.  Mr. Hodjera's history of working with "similar" products *in Toronto* fails to establish specific jurisdiction over Imerys Talc *in Washington*.

Accordingly, plaintiffs' claims against Imerys Talc must be dismissed for lack of personal jurisdiction.

ORDER GRANTING DEFENDANT IMERYS
TALC AMERICA INC.'S MOTION TO DISMISS - 4

**C.      Leave to Amend**

Plaintiffs alternatively request leave to amend. Dkt. # 165 at 12–13. "[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000). On June 2, 2017, plaintiffs moved for leave to file an amended complaint. Dkt. # 164. The Court denied that motion on July 31, 2017, finding that plaintiffs' proposed amended complaint failed to cure the jurisdictional deficiencies in the original complaint. Because it appears that plaintiffs' pleading as to Imerys Talc could not be cured by the allegation of other facts, the Court declines plaintiffs' request for another opportunity to amend their complaint.

**D.      Attorney's Fees**

In its discretion, the Court declines Imerys Talc's request for attorney's fees under RCW 4.28.185.

For all the foregoing reasons, Imerys Talc's motion to dismiss, Dkt. # 159, is GRANTED. Plaintiffs' claims against Imerys Talc are dismissed with prejudice.

DATED this 31st day of July, 2017.

*MNS Lasnik* (signature)
Robert S. Lasnik
United States District Judge

ORDER GRANTING DEFENDANT IMERYS
TALC AMERICA INC.'S MOTION TO DISMISS - 5