1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MATTHEW HODJERA and SYLVIA
HODJERA,

        Plaintiffs,

      v.

BASF CATALYSTS LLC, *et al.*,

        Defendants.

Case No.  C17-48RSL

ORDER DENYING AS MOOT
PLAINTIFFS' MOTION FOR
PRIORITY TRIAL SETTING

     This matter comes before the Court on plaintiffs' motion for priority trial setting.  Dkt. # 117.  Having reviewed the memoranda of the parties and the remainder of the record, the Court denies as moot plaintiffs' motion for the reasons that follow.

     According to the original complaint, Mr. Hodjera was exposed to asbestos or asbestos-containing products in Toronto, Ontario, between 1986 and 1994. Dkt. # 1-1 at 4.  On May 20, 2016, Mr. Hodjera was diagnosed with mesothelioma.  Id.  On December 2, 2016, plaintiffs filed suit in King County Superior Court, alleging that Mr. Hodjera's mesothelioma had been proximately caused by the manufacture, sale, and/or distribution of asbestos-containing products by the following defendants:  BASF Catalysts LLC; BorgWarner Morse Tec Inc.; Central Precision Limited; Charles B. Chrystal Company, Inc.; Dana Companies, LLC; Dana Canada Corp.; DAP Products, Inc.; Felt Products Mfg. Co.; Honeywell International Inc.; Imerys Talc

America, Inc.; Johnson & Johnson; Johnson & Johnson Consumer Companies, Inc.; Pneumo Abex LLC; Union Carbide Corporation; Vanderbilt Minerals LLC; Volkswagen Aktiengesellschaft; Volkswagen Group of Canada; Volkswagen Group of America, Inc.; Whittaker, Clark & Daniels, Inc.; and Does 1–350, inclusive.  Dkt. # 1-1 at 2–3.  On January 11, 2017, defendant Volkswagen Group of America, Inc. removed the case.  Dkt. # 1.  The Court has granted various motions to dismiss on the grounds that plaintiffs' original complaint lacked sufficient factual allegations to establish specific jurisdiction in Washington.

Plaintiffs move for a priority trial setting pursuant to RCW 4.44.025, which provides that "[w]hen setting civil cases for trial . . . upon motion of a party, the court may give priority to cases in which a party is frail and over 70 years of age or is afflicted with a terminal illness." Plaintiffs introduce a declaration from Mr. Hodjera's treating physician, Dr. Somasundaram Subramaniam, who testifies that Mr. Hodjera's mesothelioma may affect his ability to recall events and accordingly that "any deposition or trial which will require Mr. Hodjera to accurately recall events should take place expeditiously and as soon as possible, while he has physical stamina to participate in the process and the ability to think cogently and communicate effectively."  Dkt. # 119, ¶ 4.

Balancing these medical concerns with their interest in preparing sufficiently for trial, plaintiffs specifically request a trial date seven months after their motion is adjudicated.  Dkt. # 117 at 3.  Trial is currently scheduled for March 5, 2018, Dkt. # 79, which is seven months and one week from the date of this order.  Accordingly, plaintiffs' motion is denied as moot.

For the foregoing reasons, plaintiffs' motion for priority trial setting (Dkt. # 117) is DENIED as moot.

Dated this 31st day of July, 2017.

*MnS S Casnik*

Robert S. Lasnik
United States District Judge

ORDER DENYING AS MOOT PLAINTIFFS'
MOTION FOR PRIORITY TRIAL SETTING - 2